IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KRISTINA COLEMAN, LISA FALCONE,
and VERONICA WHITE,

        Plaintiffs,

v.                               No. 13-CV-533 MCA/KBM

ALBUQUERQUE-AMG SPECIALTY
HOSPITAL, LLC, a New Mexico limited
liability company, and TIM GONZALES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Remand.* [Doc. 9] Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court **GRANTS** the Motion. This matter will be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

## I.    PROCEDURAL BACKGROUND

Plaintiffs filed a previous (separate) civil cause of action solely against Defendant Albuquerque-AMG Specialty Hospital, LLC, (hereafter, AMG) in the Second Judicial District Court in Bernalillo County, New Mexico, in March of 2013.  *See Coleman v. Albuquerque-AMG Specialty Hospital, LLC,* No. 13-CV-428 LH/LFG (Document 1-1).[1]

---

[1] Filings from the previous action are not in the record, however, the Court "may take judicial notice of public records, including district court filings." *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

1

Plaintiffs' claims in this first action were "Retaliatory Demotion" of Plaintiff White and "Retaliatory Discharge" of Plaintiffs Coleman and Falcone. *Id.* (Document 1-1). Defendant AMG, a citizen of Louisiana [Doc. 1, ¶ 7], removed the previous case to this Court based on diversity jurisdiction. *Id.* (Document 1). The day after AMG removed the case, Plaintiffs voluntarily dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Id.* (Document 6).

**The present case**

Subsequently, and again in the Second Judicial District Court of New Mexico, Plaintiffs filed this lawsuit. [Doc. 1-1] They allege the same causes of action against AMG, but also include as a named Defendant, Tim Gonzales, a citizen of New Mexico and the Plant Operations Manager for AMG. Plaintiffs assert a claim against Gonzales for "Intentional Interference with Prospective Economic Advantage." [Doc. 1, ¶ 8; Doc. 1-1, ¶¶ 22, 32-35] On June 7, 2013, Defendants removed this second lawsuit to this Court. [Doc. 1] Defendants contend that Plaintiffs fraudulently joined Mr. Gonzales to avoid removal. [Doc. 1, ¶ 8]

Plaintiffs filed the present *Motion to Remand*. [Doc. 9] They do not dispute that the jurisdictional amount required for diversity jurisdiction is present. [Doc. 9, p. 2] However, they argue that diversity of citizenship is absent because Mr. Gonzales is a citizen of New Mexico and each of the Plaintiffs are citizens of New Mexico. [Doc. 9, pp. 2-3; Doc. 1, ¶ 8] Further, they assert that Defendants failed to meet their high burden of establishing fraudulent joinder, including a showing that Plaintiffs have no viable claim against Mr. Gonzales. [Doc. 9, p. 2] For the reasons discussed below, the Court remands this action.

## II.     ANALYSIS

Federal law provides that the United States District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction depends on all parties to one side of the case having a different citizenship from all parties to the opposing side. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005). When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists. *Dutcher v. Matheson*, __ F.3d __, No. 12-4150, 2013 WL 4212362, at *3 (10th Cir. August 13, 2013).

Here, as Mr. Gonzales and Plaintiffs are all New Mexico citizens, the Court must remand this case unless Defendants establish that Mr. Gonzales has been fraudulently joined.

> "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Cuevas v. BAC Home Loan Servicing, LP*, 648 F.3d 242, 249 (5th Cir.2011). "The defendant seeking removal bears a heavy burden of proving

3

> fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998).

*Dutcher*, 2013 WL 4212362, at *5. A defendant has a higher burden to meet in establishing fraudulent joinder than in moving to dismiss under Federal Rule of Civil Procedure 12(b)(6); a Rule 12(b)(6) analysis "entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. April 14, 2000) (unpublished decision) (citation omitted). Accordingly, "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Id.* (citation omitted).

"While issues of liability may not ordinarily be determined on a motion to remand, it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). Thus, "upon specific allegations of fraudulent joinder the court may pierce the pleadings . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'n, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

Here, Defendants do not assert that there was actual fraud in the pleading of the jurisdictional facts, but argue only that Plaintiffs cannot establish a cause of action against the resident Defendant, Mr. Gonzales. Accordingly, Defendants must show either that (1) no cause of action has been stated against Defendant Gonzales, or that (2) "though a cause

4

of action be stated, . . . in fact no cause of action exists." *Id.* (citations omitted). In considering whether no cause of action exists, the federal court will not "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882.

First, the Court considers whether Plaintiffs have stated a cause of action against Mr. Gonzales. Factually, Plaintiffs allege that Plaintiff Coleman reported a locked exit door to the fire marshal, who inspected the premises, spoke with Plaintiffs White and Falcone, and then issued a warning to AMG. [Doc. 1-1, ¶¶ 8-12] After the fire inspector left, Mr. Gonzales, cursing, vowed to Plaintiff White that if he was getting written up, so was she. [Doc. 1-1, ¶ 22] Similarly, he told Plaintiff Coleman, "If I'm going down, you're all going down!" [Doc. 1-1, ¶ 23] In addition, one of the Plaintiffs' declarations states, *inter alia*, that Mr. Gonzales also stated "I've already called [CEO Elizabeth Reese] and you're all in trouble. I'm writing you all up." [Doc. 9-1, p. 3, ¶ 8]

As to the cause of action, Plaintiffs' Complaint includes a section entitled "COUNT III INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (DEFENDANT GONZALES ONLY)." [Doc. 1-1, p. 5] This Count incorporates the preceding allegations and also states:

> 33. Defendant Gonzales's acts of interfering with Plaintiffs' existing and prospective economic relations with AMG through improper means, as described above, were solely intended to harm Plaintiffs and constitute intentional interference with prospective economic advantage for which Defendant Gonzales is liable.
> 34. Because Defendant Gonzales interfered with Plaintiffs' advantageous economic relationship with AMG, Plaintiffs Coleman and Falcone were

>unable to continue their advantageous economic relationships with AMG, when they otherwise would have.
>35.    Because Defendant Gonzales interfered with Plaintiff White's advantageous economic relationship with AMG, Plaintiff White was unable to continue her advantageous economic relationship with AMG to the extent that she previously enjoyed, when she otherwise would have.

[Doc. 1-1, p. 5]

Under New Mexico common law, "[t]he tort of interference with prospective contractual relations is well recognized." *M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 244 (N.M. App. 1980). "In discussions of [interference with contractual relations] terms such as 'economic expectancies' and 'prospective advantage' have been used." *Id.* (citation omitted). "The general rule [is] that one who, without justification or privilege to do so, induces a third person not to perform a contract with another is liable for the harm caused by his action." *Zarr v. Washington Tru Solutions, LLC*, 208 P.3d 919, 921 (N.M. App. 2009) (internal quotation marks, citation and ellipses omitted). The tort encompasses both interference with prospective and existing contractual relationships. *Id.* "When an employment relationship is at-will, any claim of intentional interference with that relationship is treated as interference with a prospective employment relationship." *Id.* at 923. A plaintiff is required "to prove that the defendant used improper means or acted with an improper motive intended solely to harm the plaintiff." *Id.* at 921-22 (internal quotation marks omitted). "What may qualify as 'improper means' depends to some degree on context and can include, but is not limited to predatory behavior, violence, threats or intimidation, deceit or misrepresentation, bribery, economic pressure, unfounded litigation, defamation,

unlawful conduct, and perhaps violation of business ethics and customs." *Id.* at 922. New Mexico recognizes the tort of intentional interference with economic relations, and the Court concludes that Plaintiffs have stated a cause of action against Mr. Gonzales for intentional interference with economic relations.

Defendants further argue that Plaintiffs have failed to establish a cause of action against Mr. Gonzales, for two reasons. [Doc. 10, pp. 3-5] First, they argue that Plaintiffs have not alleged any interference by improper means. [Doc. 10, p. 4] Plaintiffs disagree, and list a plethora of threats made by Mr. Gonzales to the Plaintiffs which they contend constituted improper means. [Doc. 13, pp. 2-4] Some of the threats were stated in the complaint, but most were stated in the declarations of two of the Plaintiffs, which Plaintiffs attached to their *Motion for Remand*. [Docs. 13, pp. 3-4; Doc. 9-1, pp. 1-4] Defendants concede that the Court may pierce the veil of the complaint and consider the declarations. [Doc. 10, p. 5] Keeping in mind that "all factual and legal issues must be resolved in favor of the plaintiff," the Court concludes that Defendants have not met their burden of showing that Plaintiffs fraudulently joined Mr. Gonzales under the improper means prong of the tort of intentional interference with contractual relations. *Dutcher*, 2013 WL 4212362, at *5 (internal quotation marks and citation omitted). Plaintiffs' allegations, coupled with their statements in the declarations, demonstrate that there is a potentially viable claim that Mr. Gonzales' actions interfered with Plaintiffs' employment relationships through improper means, potentially including threats or intimidation, deceit or misrepresentation, or violation of business ethics and customs. *Zarr*, 208 P. 3d at 922 (describing various facts which may

7

prove improper means).  As stated in *Dutcher*:

> [W]e cannot hold that [the resident defendants] were fraudulently joined. However, that does not mean that the plaintiffs have stated a valid claim against [them].  Or even that [the resident defendants] are not somehow fraudulently joined. But the defendants needed to clear a high hurdle to prove something they have yet to prove, i.e. fraudulent joinder.

*Dutcher*, 2013 WL 4212362, at *7.

Plaintiffs have also pleaded a potentially viable cause of action that Mr. Gonzales acted with improper motive solely to harm Plaintiffs in interfering with Plaintiffs' contractual relations.  Defendants argue that Plaintiffs have failed to allege or offer evidence of any actual interference, arguing that "conspicuously absent from Plaintiffs' affidavits is any indication that anything Mr. Gonzales did actually interfered with prospective economic relations that Plaintiffs had with their employer." [Doc. 10, p. 5] The Court is not persuaded. Again, keeping in mind that the Court resolves all factual and legal issues in Plaintiffs' favor, the Court concludes that the adverse actions taken against Plaintiffs by their employer shortly after the report of the blocked exit, coupled with Mr. Gonzales' alleged threats, including (but not limited to) "you're all going down!" defeat Defendants' argument. *Dutcher,* 2013 WL 4212362, at *5.  Further, piercing the veil of the complaint, one declaration makes it clear that Mr. Gonzales claimed to have "called [the CEO] and you're all in trouble." [Doc. 9-1, p. 3, ¶ 8] Thus, Defendants have not met their burden of showing that Plaintiffs have stated no possibly viable claim against Mr. Gonzales for interference with contractual relations based on improper motivation solely to harm Plaintiffs.  *Id.* at *7.

Finally, Defendants argue that the plainest evidence of fraudulent joinder in this case

8

is exhibited in the procedural history of the case, i.e., that Plaintiffs initially sued only AMG, and after the case was removed, Plaintiffs dismissed the case but immediately refiled, adding Mr. Gonzales. In making this argument Defendants cite *Wodka v. Integrated Partnerships, Inc.*, 2001 WL 1029460 (N.D. Tex. August 24, 2001) (unpublished decision). [Doc. 10, p. 2-3] While the Court recognizes the similar procedural posture of *Wodka, Wodka* is nonetheless both distinguishable and not persuasive. First, while Defendants cite *Wodka* for the proposition that the procedural history supports a conclusion of improper joinder, the Court does not agree that the *Wodka* Court's analysis supports this "implication." [Doc. 10, p. 3] In *Wodka*, a terminated employee first sued only his employer, in state court, alleging breach of his employment contract. *Id.* at *1. Once the employer removed the case, the plaintiff dismissed, but then refiled the same cause of action, again in state court, added a co-worker, and alleged the co-worker tortiously interfered with his employment contract. *Id.* Relying on Texas law,[2] the court concluded that the co-worker was fraudulently joined because the plaintiff had "not adduced evidence that [the co-worker] acted *solely* for his own

---

[2] In addition, the Court notes a potential distinction between the burden of proof in an intentional interference with contractual relations case under Texas law and under New Mexico law. *Compare Wodka*, 2001 WL 1029460, at *2 ("Under Texas law, because a corporate officer's acts on the corporation's behalf usually are deemed corporate acts, a plaintiff must show that the agent acted solely in his own interests." (Internal quotation marks, bracket and citations omitted)) *with M & M Rental Tools, Inc.*, 612 P.2d at 245, 247 ("[P]laintiff has the burden of proving the interference was improper. . . . Once such evidence has been introduced, defendant has the burden of proving any privilege relied on."). Not only does New Mexico law control, but the Court must also resolve all questions of law in the non-removing party's favor. *Dutcher*, 2013 WL 4212362, at * 5. Thus, the Court cannot hold Plaintiffs to the same burden of proof as applied in *Wodka*.

9

benefit or that he conducted himself so contrary to [the employer's] interests that he could *only* have been motivated by personal interest." *Id.* at *2. In the present case, however, based on the pleadings and the declarations before the Court, Defendants have not shown that Plaintiffs have no potentially viable cause of action that Mr. Gonzales acted with improper motive solely to harm Plaintiffs in interfering with their employment relations. In particular, the following statement by Mr. Gonzales may evince such motive: "Sh** rolls down hill, if I go down you all go down with me. I've already called [CEO Elizabeth Rees] and you're all in trouble. I'm writing you all up." [Doc. 9-1, p. 3, ¶ 8] Again, this does not mean that Plaintiffs have "stated a valid claim," which this Court expressly declines to consider, but Plaintiffs have stated a potentially viable claim, and thus Defendants have not met their heavy burden to prove fraudulent joinder. *Dutcher*, 2013 WL 4212362, at *7.

### III.   CONCLUSION

Defendants failed to demonstrate that Mr. Gonzales was fraudulently joined as a party. As such, complete diversity between all Defendants and all Plaintiffs is lacking in this case and this matter must be remanded to state court for want of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Remand* [Doc. 9] is **GRANTED** and this case is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**SO ORDERED** this 24th day of October, 2013, in Albuquerque, New Mexico.

THE HONORABLE M. CHRISTINA ARMIJO
Chief Judge, United States District Court